UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-80009-CR-CANNON/McCABE

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAROAD ROLLE,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America (hereinafter "the United States" or "this Office"), and SHAROAD ROLLE (hereinafter referred to as the "defendant"), enter into the following agreement:

1.    The defendant agrees to plead guilty to Count 3 of the Information, which count charges the defendant with Knowingly Encouraging and Inducing an Alien to Enter the United States in violation of the law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv)(ii), 1324(a)(1)(A)(v)(ii), and 1324(a)(1)(B)(ii). The defendant admits that he is, in fact, guilty of that offense.

2.    In return for the defendant's plea to Count 3 of the Information, the United States agrees to move to dismiss Counts 1-2 and 4-14, of the Information as to the defendant, at after sentencing.

3.    The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines, which may include "relevant conduct" under Section 1B1.3 of Sentencing Guidelines, and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1, including the imposition of consecutive sentences upon multiple counts of conviction, and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.

If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any jury, governmental entity, or official; or (4) attempts to withdraw his guilty plea after a finding by the Court that such was knowingly and voluntarily made.

5. **NON-BINDING JOINT SENTENCING RECOMMENDATION:** This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence at the low end of the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart

downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

6. **MAXIMUM PENALTIES**: The defendant understands and acknowledges that as to Count 3 of the Information, to which he is pleading guilty, he faces a maximum term of five (5) years' imprisonment, to be followed by a maximum term of three (3) years' supervised release, and a fine of up to two-hundred and fifty-thousand dollars ($250,000.00).

*[handwritten: p.6. SR]*

7. **IMMIGRATION CONSEQUENCES**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty, and removal may be presumptively mandatory for said offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States. The defendant also understands and acknowledges that if he is removed or deported from the United States following his conviction in this case, it is a serious federal felony offense to thereafter reenter the United States without obtaining the prior express written permission of the United States Secretary of Homeland Security.

8. The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant as to the count of conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash. It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the Court as to the reasons for his failure to pay.

9. **FELONY CONVICTION AND FIREARMS RIGHTS**: The defendant understands and acknowledges that his conviction for the instant offense is a felony offense punishable by imprisonment for a term exceeding one year, which would legally prohibit him from possessing any firearms or ammunition under federal and state law in the United States of America.

10. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office"), and the defendant, reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and

5

quantity of punishment.

11. **ASSET FORFEITURE:** The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any (i) conveyance, including any vessel, vehicle, or aircraft used in the commission of the offenses, in violation of 8 USC § 1324; (ii) property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offense; or (iii) personal property used or intended to be used in the commission of the offense(s), pursuant to 18 U.S.C. § 982(a)(6)(A) and the provisions of 21 U.S.C. § 853

12. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and

6

appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14. This Plea Agreement constitutes the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 3/12/2025

By: *(signed)*
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

Date: 2/27/25

By: *(signed)*
PETER BIRCH
SUPERVISORY ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 2/27/25

By: S. Rolle
SHAROAD ROLLE
DEFENDANT